The **PENNSYLVANIA RAILROAD COMPANY**

v.

**UNITED STATES** of America and Interstate Commerce Commission.

Civ. A. No. 36561.

United States District Court
E. D. Pennsylvania.

April 23, 1965.

———◆———

Carl Helmetag, Jr., Philadelphia, Pa., for Pennsylvania R. Co.

Ralph C. Busser, Jr., Philadelphia, Pa., and Bryce Rea, Jr., Harry J. Jordan and Peter T. Beardsley, Washington, D. C., for American Trucking Associations, Inc. and National Motor Freight Traffic Ass'n.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendant.

Rowle & Henderson, Philadelphia, Pa., for the National Industrial Traffic League.

V. Baker Smith of Morgan, Lewis & Bockius, Philadelphia, Pa., for Private Carrier Conference, Inc., and South Paterson Trucking Co., Inc.

Wm. A. Goichman, Harrisburg, Pa., for Pa. Public Utility Commission.

I. K. Hay, Washington, D. C., for Interstate Commerce Commission.

Before FREEDMAN, Circuit Judge, and KRAFT and HIGGINBOTHAM, District Judges.

PER CURIAM.

We are here asked to hold that the Interstate Commerce Commission must extend its economic regulation into certain areas pertaining to " * * * for hire motor transportation within the confines of a single state"[1]—even though the

---

1. Motor Transportation of Property Within A Single State, 94 MCC 541, 542 (1964).

These proceedings were originally instituted by an Order of May 21, 1962, of the Interstate Commerce Commission noting that it desired to issue an "interpretive ruling" because there was " * * * a difference of opinion between divisions of the Commission as to whether transportation by for-hire motor carriers of property within a state of goods which have moved or will move to or from points outside the state by private motor carriers, the entire movement being continuous, is interstate commerce subject to the Interstate Commerce Act or whether it is intrastate transportation." The Commission further noted that on January 15, 1962, the South Paterson Trucking Co., Inc., of Paterson, New Jersey, had filed a petition seeking a declaratory order making " * * * definite and certain the application of Section 206(a) of the Act when merchandise is transported into a

Commission (by a majority)[2] has held that there is no statutory jurisdiction for the economic regulation of the type requested by petitioners. Little can be added to the careful analysis of the Commission's opinion, which notes the past dichotomies and conflicts between various divisions within the Commission, and the historical and statutory basis for its present legal conclusions.

Almost three decades ago in Pennsylvania R.R. Co. v. Public Utilities Commission (1936) 298 U.S. 170, 174, 56 S. Ct. 687, 688–689, 80 L.Ed. 1130, Justice Cardozo spoke with clarity when noting that:

> "The question for us here is not whether the movement * * * is to be classified as commerce or even as commerce between states. *The question is whether it is that particular form of interstate commerce which Congress has subjected to regulation* in respect of rates by a federal commission." (Emphasis added.)

The Supreme Court held that Congress had not granted to the Commission jurisdiction to regulate the rates then in issue. In Pennsylvania R. R. Co., supra, the Court was considering Part I of the Interstate Commerce Act (49 U.S.C. §§ 1–26) and in the instant matter we are

construing Part II of the Interstate Commerce Act (49 U.S.C. §§ 301–327). Nevertheless we feel, as did the Commission below,[3] that the logic of Pennsylvania R. R. Co., supra, is equally applicable to Part II, and that there are no sufficiently significant statutory differences to warrant a different result. Thus we affirm the order and holding of the Commission below.

---

state in proprietary (private) carriage and is ultimately delivered to points in the same state by a for hire-carrier; and that it is desirable that the matter be considered and resolved by the Commission by the issuance of an interpretive ruling; * * *"
Pursuant to the May 21, 1962 Order, thirty-seven statements were filed with the Commission noting the views of various interested rail and motor carriers, manufacturers, motor carrier associations, associations of manufacturers, state regulating commissions and other persons. After receipt of these briefs and statements, the Commission issued its opinion on March 2, 1964, MC–C3626, reported at 94 MCC 541 (1964).

2. Four of the eleven Commissioners dissented.

3. In discussing the Pennsylvania case, supra, the Commission said: "The Penn-

sylvania case made it clear that not all commerce is transportation; that transportation begins only when merchandise has been placed in the possession of a carrier subject to economic regulation; and that a shipper is not a carrier subject to economic regulation under the provisions of what is now part I of the act. The fundamental principles of the Pennsylvania case are not altered in dealing with part II instead of part I. For although part II extends to proprietary operations for the purposes of regulating safety of operations and hours of service, it does not consider shippers to be subject to the act for the purposes of economic regulation. Thus under part II, just as under part I, the transportation must be considered as beginning at the point where the shipper tenders his goods to a for-hire carrier. If delivery is then made at a point in the same State, the relevant transportation is not interstate transportation." (94 MCC at 550.)